**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4409**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELISHA LEE MONTFORD, a/k/a X Easy, a/k/a Easy Montford,
a/k/a Lee Montford,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.   Louise W. Flanagan,
District Judge. (4:10-cr-00071-FL-3)

Submitted: November 30, 2011      Decided:  December 15, 2011

Before NIEMEYER, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Warren E. Gorman, Chevy Chase, Maryland, for Appellant.
Jennifer P. May-Parker, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elisha Lee Montford pled guilty, pursuant to a plea agreement, to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The district court found that Montford qualified for sentencing pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Pursuant to the Government's motion under 18 U.S.C. § 3553(e) (2006) and U.S. Sentencing Guidelines Manual § 5K1.1 (2010), the court sentenced Montford to 108 months in prison, below the statutory mandatory minimum fifteen-year sentence he faced as an armed career criminal. Montford timely appealed.

Montford's attorney filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), finding no meritorious grounds for appeal but questioning whether the district court properly designated Montford an armed career criminal. Montford filed a pro se supplemental brief and an amended pro se supplemental brief,[1] reiterating counsel's argument and asserting that his conviction violates the Equal Protection Clause. We affirm Montford's conviction and sentence.

---

[1] We grant Montford's motion to file his amended pro se supplemental brief.

2

Whether a prior conviction qualifies as a predicate offense is a question of statutory interpretation that we review de novo. United States v. Harcum, 587 F.3d 219, 222 (4th Cir. 2009). To qualify for an enhanced sentence under the ACCA, Montford must have "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The ACCA defines a serious drug offense to include "an offense under State law, involving . . . distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Montford had at least three qualifying predicate offenses: a 1997 conviction for possession with intent to sell and deliver cocaine, for which he received a 112- to 144-month sentence under the current North Carolina Structured Sentencing Act ("NCSSA"); and 1993 and 1995 convictions for selling and delivering cocaine, for which he received eight-year prison terms under the North Carolina Fair Sentencing Act, the predecessor to North Carolina's structured sentencing scheme. When Montford was sentenced in 1993 and 1995, the maximum

3

sentence for his offenses was ten years' imprisonment.[2]  See N.C. Gen. Stat. §§ 14-1.1(a)(8), 90-95(a)(1) and (b)(1), repealed by NCSSA, 1993 N.C. Sess. Laws, ch. 538, § 2.  Montford contends that these convictions do not qualify as predicate offenses under the ACCA because the law has changed in North Carolina and these crimes no longer carry ten-year maximum prison terms. However, as counsel concedes, the Supreme Court recently held that, for purposes of determining whether a prior state drug-trafficking conviction qualifies as a serious drug offense for armed career criminal purposes, "the 'maximum term of imprisonment' for a defendant's prior state drug offense is the maximum sentence applicable to his offense when he was convicted of it."  McNeill v. United States, 131 S. Ct. 2218, 2220 (2011). Thus, Montford had at least three predicate offenses and was properly designated an armed career criminal.[3]

---

[2] Montford committed both offenses before October 1, 1994, when the NCSSA became effective.  Regardless of when sentencing occurs, the NCSSA applies only to offenses committed on or after its effective date.  See McNeill v. United States, 131 S. Ct. 2218, 2224 (2011).

[3] Because Montford had three qualifying predicate offenses, we need not address whether Montford's other prior drug offenses would qualify as serious drug offenses under the ACCA.

4

In accordance with <u>Anders</u>, we have reviewed the entire record and have found no meritorious grounds for appeal.[4] Accordingly, we affirm the criminal judgment. This court requires that counsel inform Montford, in writing, of the right to petition the Supreme Court of the United States for further review. If Montford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Montford. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

[4] We conclude that Montford is not entitled to relief on his pro se claims.